UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICHARD SCOTT GREGORY,                                                  Plaintiff,

v.                                                  Civil Action No. 3:18-cv-539-DJH

CITY OF LOUISVILLE, KENTUCKY,                               Defendant.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Richard Scott Gregory filed a *pro se*, *in forma pauperis* complaint against the City of Louisville, Kentucky (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, Plaintiff will be given an opportunity to amend his complaint.

**I.**

The complaint identifies the City of Louisville as the only Defendant. According to the complaint, the City of Louisville "maintains and operates the Jefferson County Attorney's Office."

Plaintiff states that he was arrested and incarcerated for five days on one count of harassing communications and one count of terroristic threatening in the third degree. He states that at his arraignment his attorney "wrote on the back of his business card[:] 'Must attend AA each day beginning 5/19 when released from HIP. Bring proof of AA on 7/31/18 at 9 [and] case will be dismissed.'" Plaintiff alleges that "[t]he prosecutor thus acted in his official state capacity when indirectly ordering Plaintiff to attend Alcoholics Anonymous through his lawyer."

According to the complaint, "Plaintiff is a devout Catholic who does not believe in, attend, or approve of Alcoholics Anonymous."

Plaintiff further alleges that on July 31, 2018, he went to the state court to show proof of attendance at AA and have his case dismissed. He states that he had proof only of "71 meetings when the actual order was for 90." Plaintiff alleges that the prosecutor told him that he would give him until September 21, 2018, to attend the last 19 meetings and "thus acted in his official state capacity when directly ordering Plaintiff to attend Alcoholics Anonymous."

The complaint asserts claims under the Establishment Clause and Equal Protection Clause of the U.S. Constitution and Section 5 of the Kentucky Constitution.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon

which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint contains only claims against the prosecuting attorney, and Plaintiff is incorrect that Defendant, the City of Louisville, oversees the prosecuting attorney. The Kentucky Constitution establishes the office of the county attorney, *Boyd Cty. ex rel. Hedrick v. MERSCORP, Inc.*, 614 F. App'x 818, 822-23 (6th Cir. 2015) (citing Ky. Const. § 99), and the county attorney is charged with prosecuting crimes under Kentucky state law. Ky. Rev. Stat. § 15.725(2). Thus, a prosecuting attorney acts as an arm of the Commonwealth of Kentucky. *See Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993) (holding that a municipal prosecutor acts as an arm of the state in prosecuting or declining to prosecute state criminal offenses); *Rogers v. Hill*, No. 4:05CV-35-M, 2005 WL 1287415, at *2 (W.D. Ky. May 31, 2005) ("[W]hen a local prosecutor is enforcing state law or policy, the prosecutor is acting as an agent of the state.").

Therefore, the named Defendant is not responsible for the alleged unconstitutional violations contained in the complaint, and Defendant is subject to dismissal from this suit. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

Plaintiff seeks declaratory and injunctive relief.  Such § 1983 relief is available against a state official in his or her individual capacity.  Therefore, the Court will allow Plaintiff to amend his complaint to name an individual Defendant.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal" on initial review).

## III.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendant are **DISMISSED** from this action for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint to name a state official in his or her individual capacity from whom Plaintiff seeks declaratory and injunctive relief.**  The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint. **Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing this action**.

Date: December 27, 2018

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
4415.009